In re La Page's Estate v. Devine, 195 Ill. App. 140.

## In re Estate of Lizzie La Page, on appeal of John La Page, Appellant, v. John F. Devine, Administrator, et al., Appellees.

### Gen. No. 20,916.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Appeal from an order of distribution in the matter of the estate of Lizzie La Page, deceased, by John La Page, the defendant being John F. Devine, administrator of the estate of such Lizzie La Page.

The cause in which such decree was entered had been heard by Judge Petit of the Circuit Court, in November, 1913, and at the conclusion of the hearing he took the case under advisement, saying that when he had reached a conclusion, he would notify counsel of that fact. At some time between one and three o'clock in the afternoon of April 17, 1914, Judge Petit's minute clerk, by direction of the judge, telephoned to the offices of counsel on both sides that the court would render a decision on the following day, Saturday; and before four o'clock of the same day, counsel for defendants caused a notice, to the effect that at ten o'clock on Saturday they would ask the court to enter findings and judgment in favor of defendants, and a copy of the findings and decree, which were afterwards entered, to be served upon appellant's counsel, Herman Welk, by delivering the same to a stenographer employed by him and then in charge of his office in Chicago. It appears, however, that Mr. Welk did not personally receive word of either the telephone communication of the minute clerk or the formal notice given by defendants' counsel until the Monday following (after the term had expired), for the reason

that before either of such notices was given on Friday afternoon he had been called to his home in Lemont by the illness of his wife, and remained there all Saturday and Sunday. The telephone message was received at his office on Friday afternoon by a real estate broker who had an office in the same suite, and the other notice was received, as above stated, by Mr. Welk's stenographer; but so far as the record shows, neither the real estate broker nor the stenographer made any attempt to notify Mr. Welk that such notices had come to them, until he returned to his office on Monday, April 20, 1914. Thereupon he made a motion to set aside and vacate the decree entered on April 18, 1914, filing with his notice of such motion the affidavits of himself and of the stenographer as to the facts of which they had knowledge. When this motion to vacate was called up before Judge Petit, on April 21, 1914, oral statements on both sides were evidently made by counsel, and also by the court, and the clerk of the court, as to what had occured on Friday and Saturday. The bill of exceptions shows that after the affidavits and oral statements of defendants' counsel had been heard, the court ordered that such oral statements "should be incorporated in affidavits and presented afterwards *nunc pro tunc* as of April 21, 1914, to form a part of the bill of exceptions" (which was in fact done, and the same filed on May 15, 1914), and then overruled the motion to vacate the decree. From this ruling, or order, John La Page appeals.

HERMAN WELK and IRWIN & STAMPFLI, for appellant; FREDERIC C. ELLIS, CHARLES C. SPENCER and JESSE WILCOX, of counsel.

F. F. & J. V. NORCROSS and ADAMS & WINNEN, for appellees; McDUFFEE & KEENAN and WILLIAM MULVANEY, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS, § 31*—*what is effect of rule of court.* A rule of the Circuit Court requiring notice of a motion to be served upon the opposite party or his attorney of record, "before 4 p. m. of the business day next preceding the day mentioned in the notice for calling up, either personally or by leaving a copy thereof at his office with some person in charge thereof on his behalf," plainly provides that service is sufficient if a copy of the notice is left in apt time with some employee in charge of the office of the attorney to whom the notice is directed.

2. JUDGMENT, § 272*—*when motion in nature of error coram nobis is not available.* A decision of the Circuit Court construing one of its rules, if erroneous, is erroneous as to an error of law, and such decision cannot be corrected upon a motion in the nature of a writ of error *coram nobis.*

3. COURTS, § 34*—*what is attorney's duty as to rules of court.* Attorneys at law are bound to take notice of the rules of court.

4. JUDGMENT, § 236*—*when judgment should be entered.* The practice of entering a final judgment or decree on the last day of the term, in the absence of council, is not to be commended, but a judgment so entered is not for that reason alone erroneous.